Okay, our last case today is People v. Scott. That's case number 4150529 for the appellant. Help me out. Please pronounce St. Germain. Okay, thank you. And for the appellate, Linda McClain. You may proceed, sir. Your Honor, counsel, and may it please the court. My name is Santos St. Germain, and I am here on behalf of Zachary Scott. Mr. Scott was convicted of one count of unlawful failure to register as a sex offender in violation of Section 3A of the Sex Offender Registration Act. There are two ways that a person can violate Section 3A. The first is in failing to provide accurate information as required by the Act. The second way is in failing to meet a reporting deadline. At trial, the State advanced on the second alternative. And alleged that Mr. Scott failed to meet his weekly reporting deadline on August 18, 2014. But Section 3A only imposes a duty to report on a weekly basis on a person who lacks a fixed residence. Therefore, in order for the State to meet its burden of proof, it should have proven beyond a reasonable doubt that on August 11, when Mr. Scott last reported with the Jacksonville Police Department, he lacked a fixed residence as defined by the statute. But the State failed to do so. And therefore, the State failed to meet its burden of proof beyond a reasonable doubt. To be clear, once a defendant falls under the duty to report weekly, the reporting agency, in this case the Jacksonville Police Department, has an obligation to report every location where the defendant stayed at within the past seven days. In so doing, the State would have all of the information it needs to demonstrate that the defendant did not stay in any one place for five or more days as defined by Section 2I. Section 2I states that a fixed residence is any place where a defendant stayed for five or more days in a calendar year. In this case, the only piece of evidence the State introduced to demonstrate that Mr. Scott lacked a fixed residence was People Exhibit 1, in which Mr. Scott reported his residence as homeless. However, a mere admission, a vernacular admission of being homeless, does not meet the statutory definition of lacking a fixed residence. In People v. Pierce, the Illinois Supreme Court held that the purpose of the statute and the temporal distinction enacted in the statute makes it possible that a person can establish a fixed residence by staying at any and all places within the temporal definition. In this case, the State never demonstrated or never introduced to the jury any evidence suggesting that Mr. Scott did not meet the temporal definition for a fixed residence. Furthermore, I would ask the Court, does the Court have any question as to the burden the State has to prove the element of lacking a fixed residence? Yeah, I have a question. Didn't the same exhibit you're talking about state on it that your client had read it and that he was instructed when he must report again within a week? Yes. Why isn't that dispositive? It isn't dispositive because he only has to meet that obligation if he falls under the weekly reporting duty. In order to fall under the duty to report on a weekly... But wait a minute, he agreed that he fell under the weekly reporting duty by signing the form saying that he understood he had to report within a week. Isn't that correct? Your Honor, what the form says is that Mr. Scott was told that he has to report again in seven days. He agreed to do so under the belief that he was under that duty. However, his belief manifested only because from his point of view, he thought that being homeless was the same as lacking a fixed residence. However, under People v. Pierce as well as People v. Pedersen cited by the State, a mere admission of being homeless does not meet the statutory definition of lacking a fixed residence. Is the IPI instruction that was given in this case incorrect? The IPI itself was not incorrect, Your Honor, but the IPI did not inform the jury that there is an additional element of lacking a fixed residence. Is that an element of this offense? Yes, Your Honor, it is an element. How can the IPI be correct if it doesn't include that element? The IPI brought... Your Honor, we are not conceding that the IPI is correct. We are conceding that... Well, that is my first question. Is it correct? Then I retract my answer, Your Honor. The IPI was incorrect. The language that was introduced in this case is correct in terms of representing what the IPI says. But the IPI that was provided does not define the critical element of lacking a fixed residence. So that's a third proposition that the State had to prove according to you? Yes, it is an additional proposition that the State must prove. And that proposition is found directly in the language of the statute. The language of the statute provides that any person who lacks a fixed residence must report weekly in person with the chief of police in the municipality in which he or she is located. And the statute goes on to provide a means by which the State can meet that burden. The statute states the agency of jurisdiction, in this case the Jacksonville Police Department, will document each weekly registration to include all locations where the person has stayed during the past seven days. All the State had to do is introduce the documentation of all the locations where Mr. Scott stayed in the past seven days and even prior to those seven days. And by then, the State would have established that he did not stay in any one location for more than five days. The State did not do so. The State relies simply on the mere vernacular admission that he was homeless. And under people v. Pedersen, people v. Weakley, and people v. Pierce, a mere admission of being homeless does not amount to the statutory definition of lacking a fixed residence. I would like to address quickly the jury instruction question, unless the court has further questions on the reasonable doubt argument. In this case, the jury demonstrated its confusion as to what the State had to prove. The jury started off by sending a first note and requested that the court clarify, are they required to demonstrate that the defendant failed to register knowingly, or did he fail to register knowingly late? In that particular situation, had the jury been told that the State must prove that he has a duty to report weakly, or that he lacked a fixed residence, this confusion would not have manifested. However, in this particular case, trial counsel acquiesced to the jury being told to refer back to the jury instruction, which were incomplete. The jury instruction did not tell the jury of the full burden that the State was under, and therefore the jury was left to decide whether to determine whether Mr. Scott failed to register, or whether he failed to register on time. If there are no further questions, we would ask this court to vacate Mr. Scott's conviction. Okay, thank you. You'll have rebuttal. Thank you, Your Honor. Ms. McClain. May it please the Court, counsel? The State is maintaining that there was no error, and that the defendant was proved guilty beyond a reasonable doubt in this case. First, the jury was instructed that they had to find that the defendant was a sex offender, which is what the parties stipulated to, and that the defendant knowingly failed to register. All other means by which he knowingly failed to register are not essential elements of this offense. Therefore, the jury did not have to specifically find him. However, in this case, the evidence presented to the jury was sufficient to show that he did lack a fixed residence. According to the statute, any person who lacks a fixed residence must report weekly. The agency of jurisdiction will document each weekly registration to include all the locations where the person has stayed during the last seven days. And also according to the statute, a fixed residence means any and all places that a sex offender resides for an aggregate period of five or more days in a calendar year. In this case, the evidence showed that the defendant lacked a fixed residence. The State presented the defendant's admission to being homeless on August 11, by virtue of People's Exhibit No. 1, the registration form that the defendant completed. Although the defense counsel is making much of the fact that according to the form, he registered as homeless and not as lacking a fixed residence, this is raising form over substance, including the legal definition in the document, which would be asking too much of a homeless man or woman. At any rate, the jury could have found that the defendant lacked a fixed residence where he registered as homeless. The jury could have made that inference. In fact, in addition, People's Exhibit No. 1 established that he lacked a fixed residence where he gave an address, but explained, the defendant explained that it was only a mailing address. So the jury could infer from that that he lacked a fixed residence. In addition, when he was confronted with his failure to register, he stated, oh, I thought I had a grace period. He didn't say that he was homeless and that he was not homeless and therefore wasn't required to file weakly. Additionally, Defendant's Exhibits No. 1 through 25 show that he registered as homeless for the last two years and never listed any place where he stayed. So I think it's a fair inference from all the evidence in the record and overwhelmingly establishes that he did not have a fixed residence. However, as already argued, the means to commit the offense was non-essential elements. The statutory definition of fixed residence, absence of a fixed residence, or the duty to report weakly are not essential elements of the offense. It's a failure to register as a sex offender requiring jury instructions, but merely the manner of committing the offense. So as for the jury instructions, the defendant affirmatively acquiesced in the instructions stating that they were appropriate. And therefore, the plain error analysis is not applied to his affirmative acquiescence. And people were also maintaining, because they were non-essential elements, that there was no error. And also, they were IPI instructions, so they're presumptively proper. And as for the trial court's response to the jury questions while they were deliberating, the defendant also agreed to the responses given and did not assert error in the contents in his post-trial motion. Plain error does not apply to the affirmative acquiescence. And, in fact, no error occurred. The jury, the trial court, did not abuse his discretion in its response. Its response was to merely consider the instructions that the jury had already been given. The jury had been fully instructed as to the elements of the offense. The parties agreed that these instructions were sufficient. The trial court apparently determined the jury was not manifestly confused. And the question the jury posed reflected no confusion on the differing reporting requirements of differing groups, as nothing had been discussed at trial other than defendants' particular reporting requirements. So adding the word weekly to the existing instructions would have probably even been to defendant's detriment, where it would have emphasized the timing of defendant's late reporting. And also, based on the questions that was asked, the trial court had no duty to instruct on the statutory definition of fixed residence. The instructions suggested by defendant would have not even remotely answered the question posed by the jury, which was more focused on the date by which defendant should register. The first question asking about late registration and the second question referring to the date on the form. So a definition of fixed residence would not even have answered the question posed. If there are no other questions, are there any questions? I see no questions. Thank you for your argument. Is there rebuttal? Yes, sir. Okay. Two points on rebuttal. First, as to the jury instruction. The jury instructions were incomplete because they failed to address the critical issue in this case, which is that the state needs to prove that the defendant lacked a fixed residence. That is the only time the defendant would fall under the duty to report on a weekly basis. Nowhere in the statute does a duty to report on a weekly basis emerges unless a person lacks a fixed residence. That is an essential element because of the way the statute is structured. The statute makes the identity of the offender inextricably tied to the fact that he has a fixed residence or whether he has or does not have a fixed residence. If this is an element of the offense in all cases, how do you reconcile the absence of this element in the IPI? The IPIs are incomplete, Your Honor. Well, it's the committee of the Supreme Court that comes up with these. It's composed with a lot of experts, and they studied this intently, and they are aware of case law and are supposed to follow case law regarding specific statutes. They were under the impression, obviously, that this is not an element. Your Honor, it is an element because of the manner in which the statute is written. I cannot speculate or determine what the IPI committee has done or has failed to do. However, the statute is clear that only where a person lacks a fixed residence does he fall under a duty to report on a weekly basis. And furthermore, the statute defines what a weekly basis means. I don't understand how clear the statute can be if the IPI committee missed this as an element. There are a myriad of reasons why the committee may have missed this. One may be because this case has not been presented to the committee as of yet. There are several IPIs that were not IPIs until the issue was presented to the Illinois Supreme Court. Again, it is not my intention to speculate on why the committee did not address this or whether this was ever presented before the committee. But this is before this court today, and the language of the statute is pretty clear that a person only falls under a duty to register on a weekly basis if that person lacks a fixed residence. Furthermore, the statute provides a manner by which the state could meet that duty. The statute clearly states that the reporting agency, the agency of jurisdiction, will document all the locations where the defendant or the offender would have stayed within the past seven days, providing the state with the information. To address the state's contention that the defendant's Exhibit 1-25 has demonstrated that he did not stay in any one place in five weeks, that is simply incorrect because none of the forms that the Jacksonville Police Department asked Mr. Scott to fill provide a location where he would have to provide addresses where he has stayed. The form requested that he provide a fixed residence. He said his residence is homeless weekly. The form requested that he provide a mailing address, which he provided. What the form should have done is ask him, where did you stay on August 4th, August 5th, August 6th, and so on. And by then, the jury would have been in a position to determine whether any of these locations he provided on any of these days, he has stayed for five or more days. As to substance versus form and the inference that the jury could have made, a person who states on a form that he is homeless, is not admitting that he did not stay in any one place for five or more days. He could well be homeless and stayed with his cousin for three days and then come back and stay with the same cousin for another two days, meeting the statutory definition. If there are no further questions, I would ask that this court reverse and vacate Mr. Scott's conviction. Thank you. Okay. Thanks to both of you. The case is submitted and the court stands in recess until further call.